UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUCENA ORTIZ, et al., | Case No. 1:23-cv-01319-JLT-EPG |
| Plaintiffs, | FINDING AND RECOMMENDATIONS TO GRANT PARAGROUP'S MOTION TO STRIKE THE ANSWER OF THE LUCERO DEFENDANTS AND ENTER THEIR DEFAULT |
| v. | |
| LUCERO AG SERVICES, INC., et al., | |
| Defendants. | (ECF No. 96) |
| | ORDER DIRECTING SERVICE OF THESE FINDINGS AND RECOMMENDATIONS |
| | OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

This matter is before the Court on the motion of Defendant and Cross-Complainant Paragroup Farms, Inc. (Paragroup) to strike the answer of Cross-Defendants Lucero Ag Services, Inc., and Ricardo Ulices Lucero-Ambrosio (collectively, the Lucero Defendants).[1] (ECF No. 96). The assigned District Judge has referred this motion to the undersigned. (ECF No. 100).

As explained below, the Court will recommend that the motion be granted.

---

[1] The Court notes that the title of Paragroup's motion indicates that it is seeking relief only as to Lucero Ag Services, Inc.: "Defendant and Cross-Complainant Paragroup Farms, Inc.'s Notice of Motion and Motion to Strike *Cross Defendant Lucero Ag Services, Inc.'s* Answer to Cross-Complaint and Entry of Default against this Cross-Defendant." (ECF No. 96, p. 1) (capitalization omitted, emphasis added). However, because the motion elsewhere requests relief as to the Lucero Defendants collectively, the Court construes the motion as applying to both Lucero Defendants. (*Id.* at 6 – stating that "Cross-Complainant respectfully moves to strike Lucero Defendants' Answer to the Cross-Complaint and requests that the Court enter default against Lucero Defendants.").

1

**I.     BACKGROUND**

Plaintiffs Azucena Ortiz, Gustavo Meza, and Dominga Espinoza filed this putative class action on September 5, 2023, alleging violations of California state labor laws. (ECF No. 1). They amended their complaint on August 14, 2024. (ECF No. 45). Plaintiffs sue five named Defendants: (1) Lucero Ag Services, Inc.; (2) Paragroup Farms, Inc.; (3) Ricardo Ulices Lucero-Ambrosio; (4) 559 Ag Corp., and (5) Artemio Fidel Salazar Luna. Individual Defendant Lucero "is an owner, director, officer, or managing agent of Defendant [Lucero Ag Services, Inc.]." (*Id.* at 7).

The Lucero Defendants filed an answer to the amended complaint and were represented by counsel for part of the case. (ECF No. 47). However, on November 15, 2024, the Court granted their counsel's motion to withdraw from the case. (ECF Nos. 49, 61). Although the Court ordered the Lucero Defendants to advise the Court whether they intended to hire counsel, they never responded to the Court's order. (ECF No. 61).

Further, the Lucero Defendants otherwise failed to participate in the case, *e.g.*, Defendant Ricardo Ulices Lucero-Ambrosio failed to respond to discovery requests. (*See* ECF No. 103). Ultimately, this led the Court to issue findings and recommendations, which the assigned District Judge adopted, to strike their answer and enter their default. (ECF Nos. 78, 81, 103, 104).

In addition to Plaintiffs' claims against the Lucero Defendants, on January 30, 2024, Paragroup filed a cross-complaint for indemnity, declaratory relief, and contribution, naming the Lucero Defendants as Cross-Defendants. (ECF No. 18, p. 2). On February 20, 2024, when they were still represented by counsel, the Lucero Defendants answered the cross-complaint. (ECF No. 21).

On October 10, 2025, Paragroup filed its instant motion. (ECF No. 96, p. 4). The Lucero Defendants failed to timely respond to the motion. Nor have they otherwise participated in this case since their counsel withdrew.

**II.     ANALYSIS**

Paragroup argues that its motion should be granted because (1) Lucero Ag Services, Inc., as a corporation, cannot proceed without counsel, and (2) both Defendants have failed to participate in this case and respond to the Court's orders since their counsel withdrew. (ECF No.

2

96, pp. 4-6). The Court agrees these are proper bases to strike the Lucero Defendants' answer and enter their default.

Beginning with Lucero Ag Services, Inc., because it lacks counsel, it currently cannot appear in this case. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). In cases where a corporate defendant has failed to obtain counsel and defend the case, courts have used their inherent authority to strike the defendant's answer, direct the entry of a default under Federal Rule of Civil Procedure 55(a), and then permit the opposing party to move for a default judgment. *See, e.g., Eagles Nest Outfitters, Inc. v. Taomore, Inc.*, No. 2:23-CV-00466-GW-(EX), 2024 WL 3008866, at *2 (C.D. Cal. Apr. 2, 2024) ("When a corporation fails to retain legal representation, entry of default is a permissible sanction for failure to comply with local rules requiring representation by counsel.") (citation and quotation marks omitted); *Osgood v. Main Street Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017) ("Procedurally, courts have stricken the answers of corporate defendants who have failed to defend themselves, directed entry of default, and then allowed the plaintiff to move for default judgment."); *Galtieri-Carlson v. Victoria M. Morton Enterprises*, Inc., No. 2:08-CV-01777, 2010 WL 3386473, at *3 (E.D. Cal. Aug. 26, 2010) ("Courts have stricken the answers of defendants who have failed to defend themselves.").

Further, as to both Lucero Defendants, "[d]istrict courts have the inherent authority to strike an answer and declare a default as a sanction for a party's failure to prosecute, contempt of a court order, or abusive litigation practices." *VBConversions, LLC v. Gulf Coast Ventures, Inc.*, No. CV 12-8265 JGB (AGRx), 2016 WL 11687659, at *2 (C.D. Cal. Jan. 20, 2016). Likewise, Local Rule 110 permits sanctions for non-compliance with court orders: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." LR 110.

> A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other

3

> party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (citation and quotation marks omitted).

The first factor—the public's interest in expeditious resolution of litigation—weighs in favor of the requested sanctions. Since the withdraw of their counsel in November 2024, the Lucero Defendants have not participated in this case nor responded to court orders. And as noted above in connection with Plaintiffs' claims against them, this has led the Court to strike their answer and enter their default. The same result is warranted as to Paragroup's cross-complaint.

Similarly, the second factor—the Court's need to manage its docket—also weighs in favor of sanctions. The Lucero Defendants' failure to participate in this case has impeded the resolution of this matter and will continue to do so. Put simply, the Court cannot effectively manage its docket without the participation of the Lucero Defendants.

The third factor—the risk of prejudice to the other party—also weighs in favor of sanctions. Without any indication that the Lucero Defendants will participate in this case or comply with court orders, Paragroup would be effectively denied relief if the Court were not to strike the Lucero Defendants' answer and enter their default.

The fourth factor—the public policy favoring the disposition of cases on their merits— also weighs in favor of sanctions. While the Ninth Circuit has "often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal," it has noted that, "[a]t the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. Here, the Lucero Defendant's conduct is preventing a disposition on the merits.

Lastly, the fifth and final factor—the availability of less drastic sanctions—also weighs in favor of the requested sanctions. Here, given the Lucero Defendants' failure to comply with the Court's orders and to participate in this case, the Court sees no other reasonable alternative other than to strike their answer and enter their default.

In conclusion, all the relevant factors lead the Court to recommend that Paragroup's

requested sanctions—striking the Lucero Defendants' answer and entering their default—are warranted.

### III. ORDER, CONCLUSION, AND RECOMMENDATIONS

IT IS ORDERED that the Clerk of Court shall serve a copy of this order on Lucero Ag Services, Inc. and Ricardo Ulices Lucero-Ambrosio at both of the following addresses: (1) 529 South D Street, Madera, CA 93638; and (2) 3573 Rocky Bottom Street, Madera, CA 93637.

Further, for the reasons given above, IT IS RECOMMENDED as follows:

1. The motion to strike the answer of the Lucero Defendants and enter their default filed by Paragroup Farms, Inc. (ECF No. 96) be granted as follows:
    a. The answer of Lucero Ag Services, Inc. and Ricardo Ulices Lucero-Ambrosio to Paragroup's cross-complaint be stricken. (ECF No. 21).
    b. The Clerk of Court be directed to enter a default as to Lucero Ag Services, Inc. and Ricardo Ulices Lucero-Ambrosio regarding Paragroup's cross-complaint. (ECF No. 18).
2. Following the entry of default, Paragroup be given permission to move for default judgment against Lucero Ag Services, Inc. and Ricardo Ulices Lucero-Ambrosio at a procedurally appropriate time in the case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within fourteen (14) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Further, any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\
\\\

1  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 5, 2025**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE